UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONDON TRIPLETT,

    Petitioner,

v.                                                            Case No. 17-C-660

JUDY P. SMITH,

    Respondent.

**DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner London Triplett entered pleas of guilty and was convicted in the Circuit Court for Milwaukee County on charges of human trafficking in violation of Section 940.302 of the Wisconsin Statutes (2013-14), felon in possession of a firearm in violation of Section 941.29, and pandering in violation of Section 944.33. He received a bifurcated sentence totaling eleven years initial confinement to be followed by nine years of extended supervision. After first seeking relief in the Wisconsin courts, Triplett filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on the ground that his conviction and sentence violated his rights under the United States Constitution. Triplett claims that his guilty pleas were not knowing and voluntary, that the circuit court failed to conduct a proper plea colloquy, that his attorney provided ineffective assistance, and that the circuit court erred in denying his motion for post-conviction relief without a hearing. Am. Pet., ECF No. 24 at 6–9. For the reasons that follow, Triplett's petition will be denied and the case dismissed.

## BACKGROUND

Triplett was charged in a criminal complaint with twenty-one felonies, most of them related to the trafficking of two women suffering from heroin addiction as prostitutes, but also including

charges related to his attempted kidnapping and murder of one of the victims. ECF No. 25-2 at 87–96. Run consecutively, the charges Triplett faced carried a maximum term of more than 360 years. *Id.* at 449–53. One count was later dismissed. Pursuant to a plea agreement, Triplett agreed to plead guilty to three counts in return for the State promising to dismiss and "read-in" the remaining seventeen. The State also agreed that it would recommend prison but make no recommendation as to the length of the sentence, and would recommend concurrent sentences, which it noted would cap Triplett's exposure at twenty-five years in the Wisconsin state prison system. *Id.* at 527.

On April 5, 2013, Triplett signed a Plea Questionnaire/Waiver of Rights form and addendum along with his attorney. *Id.* at 97–98. According to the form, Triplett was 39 years old and had completed fourteen years of schooling. He acknowledged on the form that by entering a guilty plea, he was giving up his constitutional right to a jury trial and the various rights that accompany a jury trial. He also acknowledged that the elements of the crimes to which he was pleading guilty had been explained to him by his attorney and expressly referenced the jury instructions for each of the three crimes that were attached to the form. Among the express "understandings" set out in the form are the following two that are pertinent to the issues Triplett later raised:

> I understand that if any charges are read-in as part of a plea agreement they have the following effects:
>
> • Sentencing – although the judge may consider read-in charges when imposing sentence, the maximum penalty will not be increased.
> • Restitution – I may be required to pay restitution on any read-in charges.
> • Future prosecution – the State may not prosecute me for any read-in charges.
>
> I understand that if the judge accepts my plea, the judge will find me guilty of the crime(s) to which I am pleading based upon the facts in the complaint and/or preliminary examination and/or as stated in court.

2

*Id.* at 98. The completed form was then presented to the court.

At the beginning of the plea hearing, the prosecuting attorney explained the terms of the parties' agreement, noting that Triplett would be pleading guilty to one count each of human trafficking, pandering and felon in possession of a firearm, and that "all the remaining charges are being dismissed but read in for sentencing purposes." *Id.* at 525. The prosecutor was particularly interested in making a record as to why Count 1, the attempted homicide charge, was being dismissed. She noted that Count 1 involved the shooting of one of the two women Triplett was charged with trafficking and expressed the state's view that it was "borderline between an attempted homicide and a recklessly endangering safety, depending on how the facts were to come in." *Id.* The prosecutor explained further:

> Certain statements from the victim led the state to believe - - and I'm still fairly confident that there were statements made by the defendant effectuating an intent at the time that this incident happened, which resulted in the defendant having a gun and pointing it at the victim. And then there being a struggle and the victim being hit in the buttocks with a bullet that ricocheted and hit the defendant in the hand.

*Id.* Despite the seriousness of this offense and the number of other offenses that were being dismissed, the prosecutor believed the agreed upon resolution of the charges was reasonable considering the number of vulnerable witnesses who would have to testify if the case were to go to trial. *Id.* at 526. The prosecutor emphasized that Triplett was pleading guilty to three counts, especially one of the human trafficking count, which she thought "most accurately characterizes the defendant's course of conduct here." *Id.* She explained she had also charged him with a number of counts of delivery of heroin, noting that "those are a little bit more difficult to substantiate but were part of his total course of conduct," which she described as delivering heroin repeatedly and thereby controlling "the individuals he was trafficking or prostituting." *Id.* at 527. Based on these

3

considerations, the prosecutor thought the dismissals reasonable, especially since those charges would be considered as read-in offenses even though the defendant was not admitting all of the underlying facts.

Triplett's attorney interrupted at that point only to emphasize that his client was not admitting the read-in offenses. Instead, he explained, "These are things that the state is telling you they [sic] believe happened." *Id.* at 528. When asked further by the court, Triplett's attorney agreed that the dismissed charges were to be read in at sentencing, but noted his client was not agreeing that he committed those offenses and stated "we'll have something to say about the shooting now, if the court wants, or summarily at sentencing." *Id.* The court explained that it was simply trying to make a clear record of the parties' agreement and then proceeded to question the defendant personally.

In response to the court's questions, Triplett confirmed his age, education, and the fact that he was not under the influence of any drugs or alcohol and had never been treated for any mental illness or disorder. Triplett testified that he understood the maximum sentences for each of the three counts to which he was pleading guilty and that the court was not bound by the recommendations of the parties. He confirmed that he had gone over every one of the provisions of the plea questionnaire and waiver of rights form with his attorney and had likewise gone over the elements of each of the offenses and how they related to the facts of the case. *Id.* at 529–31. With respect to the human trafficking charge, the court specifically confirmed that Triplett had read over the jury instruction attached to the form. The court then asked Triplett:

> And that you knowingly engaged in the trafficking. That you recruited, enticed or provided the victim of the offense without their consent. That you did so for the commercial sex act and that you engaged in that trafficking.

*Id.* at 532. Triplett responded "Yes, sir. That is correct." *Id.* After asking similar questions as to the elements of the other two counts and receiving essentially the same answer, the court asked

4

Triplett for his pleas. As to each count, Triplet answered: "Guilty, your honor." *Id.* at 532–34. The court then stated that if there was no objection, it would use the criminal complaint as a factual basis for the pleas. Triplett's attorney agreed with the qualification that the court should use the factual basis in the complaint as it pertains to the particular counts to which Triplett was pleading guilty. Triplett agreed and with that understanding, the court accepted his pleas of guilty and set the matter for sentencing. *Id.* at 534–35.

On May 16, 2013, based upon its review of a presentence report, a statement of one of the victims, and the arguments of counsel, the court sentenced Triplett to four years initial confinement to be followed by four years of extended supervision on the charge of possession of a firearm by a felon; eleven years of confinement, with nine years of extended supervision on the human trafficking charge; and six years confinement to be followed by five years of supervision for the pandering charge. The sentences were ordered to run concurrently to each other but consecutive to the sentence Triplett was then serving for a previous sexual assault.

Following sentencing, Triplett filed a postconviction motion to withdraw his plea, stating that he did not enter it knowingly, intelligently, and voluntarily. He claimed that: (1) the plea colloquy was defective; (2) the court failed to ensure a factual basis existed for the human trafficking offense; and (3) his attorney provided ineffective assistance. The court denied Triplett's motion without an evidentiary hearing. Triplett appealed to the Wisconsin Court of Appeals asserting the above-mentioned claims. Additionally, he claimed the trial court erred when it denied his motion without granting him an evidentiary hearing. The Court of Appeals affirmed the lower court's decision. Triplett then petitioned the Wisconsin Supreme Court for review asserting the same claims advanced in the lower courts. The court denied the petition. Triplett did not petition the United States Supreme Court for review.

5

## ANALYSIS

Federal review of state court convictions is limited to claims that the petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). In order to obtain federal review of such a claim, the petitioner must first exhaust his state court remedies. § 2254 (b)(1). To properly exhaust state remedies, a petitioner must present his claims to the state courts at each level of the state's established review process. *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009). Even then, the application cannot be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

A state-court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state-court decision involves an unreasonable application of clearly established federal law if the state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. A state-court decision also involves an unreasonable application of clearly established federal law if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply

6

or unreasonably refuses to extend that principle to a new context where it should apply. *Id.* at 407. To obtain relief under 28 U.S.C. § 2254(d)(2), a petitioner must show that the state court's factual determinations are unreasonable in light of the evidence presented. A state court's factual determinations are presumed correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

This standard is difficult to meet and was made so intentionally. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To meet this standard, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

### A. Ineffective Assistance of Trial Counsel

Triplett contends that his trial counsel was ineffective for a number of reasons. In his post-conviction motion, Triplett alleged that his attorney's representation was constitutionally deficient because he (1) advised him the read-in offenses could not be considered by the judge at sentencing because he was not admitting to the read-in offenses; (2) told him the judge would "see through" the charges and sentence him accordingly; and (3) talked him out of withdrawing his plea shortly after it was entered. ECF No. 25-2 at 107. In support of his motion, Triplett attached an affidavit by Attorney Marcella De Peters, his post-conviction attorney, in which Attorney De Peters states that Triplett's trial counsel confirmed to her that he had told Triplett that the judge could not consider read-in offenses because he was not admitting to the conduct alleged. ECF No. 25-2 at 122, Ex. A ¶ 3. Attorney De Peters also states in her affidavit that Triplett's trial counsel confirmed to her that he had talked Triplett out of moving to withdraw his plea before sentencing by reiterating counsel's

7

own misunderstanding about consideration of read-in offenses at sentencing, telling him the judge would "see through" the allegations, and warning him that such a motion would risk upsetting the judge before his sentencing. *Id.* ¶¶ 6, 8. Also attached to the motion is a handwritten letter from Triplett to his trial attorney dated April 25, 2013, in which Triplett states he wants to withdraw his plea based in part because he was told that the read-ins could be considered by the court at sentencing even if he did not admit the underlying conduct. *Id.* at 124, Ex. B. Triplett's motion for post-conviction relief alleged that had he known the read-in counts could be considered by the judge at sentencing, he would have decided to go to trial. *Id.* at 123, ¶ 11.

A claim of ineffective assistance of counsel is governed by well-established law set forth by the United States Supreme Court in *Strickland v. Washington*. 466 U.S. 668 (1984). Under *Strickland*, a defendant must show (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) that counsel's deficient performance deprived the defendant of a fair trial, *id*. at 687–88, or in cases where the defendant pled guilty, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant satisfies the first prong if he demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Srickland*, 466 U.S. at 688. To satisfy the second prong, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved

8

unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Given the additional level of deference that applies to federal review of state court decisions under § 2254(d), the burden on a habeas petitioner to show that counsel's assistance was ineffective is not easily satisfied. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (describing the standard of review as "doubly deferential"). Furthermore, a court need not address the two prongs of Strickland in any particular order or even address both prongs if the defendant makes an inadequate showing as to one. *See Strickland*, 466 U.S. at 697.

As noted above, the trial court denied Triplett's motion without a hearing. The trial court found that even though counsel's misinformation with respect to read-ins may have constituted deficient performance, it did not prejudice Triplett's case. In reaching this conclusion, the trial court noted first that the court had no duty under Wisconsin law to inform the defendants during the plea colloquy that it could consider read-ins at sentencing. ECF No. 25-2 at 177. Second, the court noted that even though the court did not advise Triplett that it could consider read-in charges at sentencing, the Plea Questionnaire and Waiver of Rights form specifically states that the judge may do so. *Id.* at 178. The court noted that Triplett had indicated by his signature on the form that he had reviewed it in its entirety and that he understood the contents, and consequently, he was advised that the court could consider read-ins at sentencing. Finally, the trial court stated that it did not

9

consider the read-in offenses at sentencing. Because it did not consider the read-in charges at sentencing, the trial court concluded that Triplett could show no prejudice. *Id.* The Wisconsin Court of Appeals affirmed, concluding that the conclusory allegation in Triplett's motion (not even his own affidavit) that "had he known the read-in counts could be considered by the judge at sentencing he would have decided to go to trial" was insufficient even to warrant a hearing. *Id.* at 357.

Respondent argues as a threshold issue that Triplett procedurally defaulted his ineffective assistance of counsel claims. Respondent contends that the Wisconsin Court of Appeals' determination that his motion for post-conviction relief failed to allege sufficient facts to support an ineffective assistance of counsel claim bars federal review under § 2254. Citing *Lee v. Foster*, 750 F.3d 687 (7th Cir. 2014), Respondent maintains that the state court's finding that Triplett's motion was legally insufficient is an independent and adequate state procedural rule that is not reviewable by a federal court on habeas.

It is well established that a claim will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). In *State v. Allen*, the Wisconsin Supreme Court held that "[a] hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." 2004 WI 106, ¶ 14, 274 Wis. 2d 568, 682 N.W.2d 433. In a motion seeking post-conviction relief based on a claim of ineffective assistance of counsel, the Wisconsin Supreme Court has held that the defendant must tell the court "who would be called as a witness at an evidentiary hearing and what their testimony was likely to prove." *State v. Balliette*, 2011 WI 79, ¶ 3, 336 Wis. 2d 358, 805

10

N.W.2d 334. Where a defendant fails to do so, the trial court may summarily deny the motion without an evidentiary hearing. In *Lee*, the United States Court of Appeals for the Seventh Circuit held that denial of a motion seeking post-conviction relief for failure to allege sufficient facts under the *Allen* rule constituted an independent and adequate ground for denying relief that would bar federal review. 750 F.3d at 693–94 ("Consequently, we find the state procedural requirement relied upon by the Wisconsin Court of Appeals both independent and adequate. Lee's ineffective assistance claim is procedurally defaulted.").

Respondent argues that the same conclusion applies here. Citing *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996), the Wisconsin Court of Appeals held that "the allegation that Triplett told his postconviction counsel Marcella De Peters that 'had he known the read-in counts could be considered by the judge at sentencing he would have decided to go to trial' . . . is insufficient because it is purely conclusory." ECF No. 25-2 at 357. In *Bentley*, the Wisconsin Supreme Court had ruled in a similar case that to warrant an evidentiary hearing, a defendant "must do more than merely allege that he would have pled differently; such an allegation must be supported by objective factual assertions." 201 Wis. 2d at 313. The state appellate court cited several Seventh Circuit decisions to the same effect: "*See e.g., Key v. United States*, 806 F.2d 133, 139 (7th Cir. 1986) (a defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim); *Santos v. Kolb*, 880 F.2d 941, 943 (7th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990) ("[a] specific explanation of why the defendant alleges he would have gone to trial is required"); *United States v. Winston*, 34 F.3d 574, 578–79 (7th Cir. 1994) (defendant failed to explain why he would not have pled guilty)." ECF No. 25-2 at 358 n.3.

11

Applying the same reasoning to Triplett's allegation, the Wisconsin Court of Appeals concluded that the allegation in his motion for post conviction relief "is insufficient because it is not supported by 'objective factual assertions.'" *Id.* at 358. Explaining further, the court stated:

> Notably, Triplett's agreement to enter pleas significantly reduced his potential prison sentence. And, even without the read-ins, it would have been apparent to the circuit court that Triplett was engaged in the business of "pimping" women. Triplett does not assert any facts that support his conclusory allegation that he would have foregone the substantial benefits of the plea agreement and have gone to trial had counsel correctly informed Triplett about the read-ins.

*Id.* With respect to the allegations that his trial counsel was also ineffective for persuading him not to seek presentence withdrawal of his plea by telling him the judge would "see through" the charges and sentence him accordingly, and that Triplett would risk upsetting the judge by filing such a motion, the state court found the allegations likewise conclusory, vague, and as to the latter assertion, perhaps reasonable advice. More fundamentally, however, the court noted that Triplett failed to show such a motion had a reasonable likelihood of success.

Respondent contends that because the Wisconsin Court of Appeals held that Triplett failed to satisfy the *Allen* pleading standard for even obtaining an evidentiary hearing on his motion for post-conviction relief, federal review of his claims is barred. In light of *Lee*'s holding that the *Allen* rule is a "well-rooted procedural requirement in Wisconsin and therefore adequate," 750 F.3d at 694, Respondent argues Triplett's ineffective assistance claims are procedurally defaulted.

Though it is true that the Wisconsin Court of Appeals applied the *Allen* rule in affirming the trial court's denial of Triplett's motion for post conviction relief, its application of the rule differs significantly in this case from the application in *Lee*. In *Lee*, the petitioner claimed that "his trial counsel's investigation into his alibi was deficient and that his attorney failed to explain why he could

12

not present both the alibi and credibility arguments at trial." 750 F.3d at 693. But unlike this case, the petitioner in *Lee* failed to say what his attorney could have done differently that could have changed the result. In *Lee*, the record showed that counsel had discussed the possibility of an alibi defense with the petitioner but his investigation failed to uncover any evidence. In his post-conviction motion, the petitioner alleged merely that the investigation was deficient. He failed to allege any facts to support his claim that a more thorough investigation would have revealed any evidence that his trial attorney had missed. Here is how the district court explained the deficiency:

> Although he states in his affidavit that he told his trial attorney that the first name of the owner of the barber shop where he claimed he was at the time of the shooting was Norman, he does not say that Norman or anyone else, for that matter, would have testified that he was there. In other words, Lee failed to identify any witnesses that his attorney failed to locate who could have testified that at the time of the shooting in Oshkosh, he was in a barbershop in Milwaukee. If no such witness exists, then his trial counsel was not ineffective in failing to locate and call him and appellate counsel was not ineffective in failing to claim otherwise. The failure to allege sufficient facts to warrant a hearing on a claim constitutes an adequate and independent state law ground for denying relief.

*Lee v. Baenen*, No. 10-C-040, 2013 WL 364226 at *6 (E.D. Wis. Jan. 30, 2013). In other words, there were no facts supporting the petitioner's conclusory allegation that his trial attorney was ineffective.

In this case, in contrast, Triplett has alleged that his attorney provided erroneous advice about whether the sentencing court could consider read-in charges when he denied the underlying conduct. He also alleged that had he known that the judge could consider the read-in charges, he would not have pled guilty but would have gone to trial. Although the state appellate court found his allegation that he would have gone to trial insufficient under the *Allen* rule, its analysis of the issue is intertwined with the merits of Triplett's claims. The case law in this circuit firmly establishes

13

that "if the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on the resolution of those claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, we may conclude that there is no independent and adequate state ground and proceed to hear the federal claims." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (citing *Harris*, 489 U.S. at 263–65); *Page v. Frank*, 343 F.3d 901, 907 (7th Cir. 2003); *Sanders v. Cotton*, 398 F.3d 572, 579 (7th Cir. 2005). Given the state court's analysis of the merits of the claims, its decision does not bar federal review.

But this does not ultimately help Triplett, for on the merits, his claim of ineffective assistance of counsel likewise fails. The state court's decisions denying his claim are neither contrary to, nor do they constitute unreasonable applications of clearly established federal law. Indeed, even without the second layer of deference mandated by § 2254, Triplett's claim would fail for at least two reasons. First, any misinformation provided by his attorney before his plea was corrected by the Plea Questionnaire and Waiver of Rights form and the statements of counsel at the plea hearing. Contrary to what Triplett now says, and the hearsay statement of his trial counsel that his post-conviction attorney included in her affidavit, the record reveals Triplett must have been aware that the sentencing judge could consider the read-in offenses even if he did not admit the underlying conduct. The Plea Questionnaire explicitly stated as much, advising that "although the judge may consider read-in charges when imposing sentence, the maximum penalty will not be increased." ECF No. 25-2 at 167. This was one of the explicit understandings Triplett acknowledged by signing the plea agreement under the statement: "I have reviewed and understand this entire document and any attachments. I have reviewed it with my attorney (if represented). I have answered all questions

14

truthfully and either I or my attorney have checked the boxes. I am asking the court to accept my plea and find me guilty." *Id.*

The discussion of the read-in offenses at the plea hearing, in particular the attempted first degree intentional homicide charge, also makes clear that Triplett understood the court could consider read-in offenses. As noted above, the prosecutor explicitly stated before Triplett entered his guilty pleas to just three of the twenty counts he was facing that the court would be asked to consider the seventeen read-in charges, especially the attempted homicide charge, at sentencing. *Id.* at 525–27. Triplett's trial counsel's response was simply to note that Triplett was not admitting the conduct underlying the read-in offenses and that he would have something to say about the shooting at sentencing. Counsel did agree, however, that the dismissed charges were to be read into the record. *Id.* at 528.

Given this record, Triplett must have realized that the court could consider the dismissed charges in determining a fair and just sentence for the offenses of conviction, assuming the evidence was sufficiently reliable so as not to offend due process. *See United States v. Oliver*, 873 F.3d 601, 608 (7th Cir. 2017) (noting "convicted defendants have a due process right to be sentenced on the basis of accurate and reliable information"). Why else would the prosecutor be telling the court that she intended to ask the court to do so, and why else would his own attorney be telling the court that he would have something to say about the shooting at sentencing?

Faced with such a record, it is doubtful that Triplett would be entitled to relief even if federal review were de novo. In *United States v. Peterson*, 414 F.3d 825 (7th Cir. 2005), for example, the defendant claimed that his guilty plea was involuntary because counsel falsely promised him that his federal sentence would run concurrently with any punishment under state law. The district judge

15

found, however, that the defendant had not entered his plea under any such misapprehension. During the proceedings that led to acceptance of his plea, the defendant denied that anyone had promised him anything not mentioned in the written plea agreement. His lawyer said that he planned to argue for a concurrent sentence but noted that the prosecutor had not agreed to join in that recommendation. In response to the judge's questioning, the defendant acknowledged that he understood that the sentence need not be concurrent. *Id.* at 826–27. In affirming the district court's decision denying the defendant's motion to withdraw his plea, the Court of Appeals noted that if his representations to the district court at the time of his plea were true, then his assertions in support of his motion to withdraw his plea must be false. "Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *Id.* at 827.

Likewise in this case, for Triplett's allegation that he did not realize the court could consider the read-in charges at sentencing to be true, then the explicit "understanding" he acknowledged in signing the Plea Questionnaire must be false. The court would also have to ignore the discussion of the issue of read-ins with the court and counsel before he entered his guilty pleas. If such a claim can be summarily denied on de novo review in federal court, it is difficult to see how it could warrant relief under the deferential standards of § 2254.

Triplett's claim would also fail on federal de novo review in light of the trial court's statement in denying his motion for post-conviction relief that it did not consider the read-in charges in deciding his sentence. In denying Triplett's motion on this basis, the trial court cited the Wisconsin Supreme Court's decision in *State v. Straszkowski*, 2008 WI 65, ¶ 3, 310 Wis. 2d 259, 750 N.W.2d

16

835, wherein the court held: "Because the circuit court did not consider the read-in charge to be admitted for sentencing purposes, we conclude that the defendant has failed to show that his guilty plea was not entered knowingly, intelligently, and voluntarily when he asserts that he was unaware that his agreement to have a sexual assault charge read in was an admission of the read-in charge for purposes of sentencing." The same result follows under federal law. *See United States v. Schenian*, 847 F.3d 422, 424 (7th Cir. 2017) (holding that when a district judge explains that an error did not alter its sentencing decision, remand for resentencing not warranted).

Finally, implicit in the Wisconsin Court of Appeals' decision affirming the trial court's denial of Triplett's motion for post-conviction relief is the finding that his claim that he would have gone to trial on the twenty counts instead of pleading guilty to three and face a fraction of the exposure is incredible. As the Court of Appeals noted, the plea agreement "significantly reduced his potential prison sentence" and "even without the read-ins, it would have been apparent to the circuit court that Triplett was engaged in the business of pimping women." ECF No. 20-5 at 358. This finding is not unreasonable in light of the evidence presented and must therefore be considered conclusive. For all of these reasons, Triplett's claim of ineffective assistance of counsel fails.

**B.     Remaining Claims: The Plea Colloquy &** *Machner* **Hearing**

Triplett's remaining claims—that his plea was not knowing and voluntary, that the trial court erred in its refusal to grant a *Machner* hearing, and that the trial court violated Wis. Stat. § 971.08 by failing to conduct a proper plea colloquy—also fail. The claim that his plea was not knowing and voluntary fails for the same reasons his claim of ineffective assistance of counsel fails. In fact, the second claim is derivative of the first. The remaining two claims are not cognizable claims on habeas review. These claims arise out of violations of state law that a federal court cannot review in habeas.

17

AEDPA requires that the ground on which the petitioner seeks relief be in "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).

For instance, Triplett asserts that the trial court erred in its refusal to grant a *Machner* hearing. Relying on the Wisconsin Court of Appeals decision in *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), Triplett asserts that the court was provided with enough evidence to conclude that a *Machner* hearing was warranted. However, this argument fails because "[a] federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Triplett also contends that the trial court's plea colloquy violated Wis. Stat. § 971.08 because the court should have known that Triplett did not understand that it would consider the read-in charges during sentencing. Again, Triplett has asserted not a violation of the Constitution of the United States, but a violation of a Wisconsin state statute, which cannot be challenged in federal court. To the extent Triplett attempts to challenge his plea under federal law, his claim fails. Triplett has not pointed to any clearly established law, as determined by the Supreme Court, nor is this court aware of any such law, that requires a court to explain that it will consider read-in charges during a plea colloquy, especially where, as here, the Plea Questionnaire he completed with his attorney already advised him of that fact. Insofar as Triplett now argues that he did not understand the nature of the crimes at the time of his plea colloquy, this claim is belied by the procedural history set forth above, including the Plea Questionnaire with the attached jury instructions, as well as the transcript of his plea hearing. The factual basis for the pleas is found in the criminal complaint that Triplett agreed the court could consider, as well as the discussion on the record during the plea hearing. For all of these reasons, Triplett's remaining claims fail as well.

**CONCLUSION**

For the reasons given above, the petition is **DENIED**. A certificate of appealability will issue on the claims that Triplett's attorney was ineffective in failing to properly advised him concerning read-in offenses and whether his plea was knowing and voluntary. Although I am convinced his petition should be denied, I also believe that reasonable jurists could believe that Triplett has made a substantial showing of the denial of a constitutional right.

The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. App. P. 3, 4.

**SO ORDERED** this __26th__ day of June, 2018.

                                        s/ William C. Griesbach
                                        William C. Griesbach, Chief Judge
                                        United States District Court